**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JASMINE E. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. <u>CIV-20-1249-PRW</u> |
| | ) | |
| | ) | Jury Trial Demanded |
| (1) COLLISION WORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of Action

1.    That this jury action seeks redress for Defendant Collision Works, LLC's, (hereinafter "Collision Works"), violation of the laws of the United States and the State of Oklahoma in connection with the discrimination against Plaintiff.  The action specifically seeks to enforce rights created under the Equal Pay Act of 1963 (hereinafter "Equal Pay Act"), as amended, Title VII of the Civil Rights Act of 1964 (hereinafter "Civil Rights Act"), which is codified as 29 U.S.C. §201, et seq, and Oklahoma Discrimination and Employment, 25 O.S. §1350.  As redress for Collision Works' violation of the Equal Pay Act and Civil Rights Act, Plaintiff prays for and demands declaratory, legal and equitable relief, liquidated damages and attorney's fees and costs.

### II. Jurisdiction and Venue

2.1    That this Court has jurisdiction over Plaintiff's Equal Pay Act and Civil Rights Act claims brought under federal law and this suit is authorized and instituted pursuant to the Equal Pay Act, as amended, and the Civil Rights Act which is codified as 29 U.S.C. §201, et seq.

2.2    That at all times material to this action, Plaintiff was an employee of Collision Works, as set forth in 29 U.S.C. §203(e).

2.3     That venue is proper in this Court, pursuant to 29 U.S.C. §216(b), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Collision Works is a domestic limited liability company in good standing in the State of Oklahoma.

2.4     That Plaintiff was an employee of Collision Works and Collision Works was the employer of Plaintiff within the meaning of the Equal Pay Act and Civil Rights Act.

2.5     That all conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

### III. Parties

3.1     That Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     That at all times material to this action, Collision Works has continuously been and is a limited liability company authorized to do business in the State of Oklahoma. Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent: Jake Nossaman, 3224 SE 29th Street, Del City, Oklahoma, 73115.

### IV. Background Facts

4.1     That Plaintiff began employment with Collision Works on or about June 6, 2018, by being hired as a Human Resources Generalist (hereinafter "HRG").

4.2     That Plaintiff is a member of a protected class, to-wit, African-American and female.

4.3     That in November 2019, Plaintiff did inform her immediate supervisor that Plaintiff was unhappy with her job, due to the fact that Plaintiff was being paid $16.00 per hour, or $33,280.00 annually, when another HRG hired after Plaintiff, who was a Caucasian male, received $50,000.00 a year in salary.

4.4     That employees that were HRGs were paid more money than Plaintiff, in particular, the HRG who was paid $50,000.00 per year was a Caucasian male.

4.5     That Plaintiff was told by her immediate supervisor that Plaintiff was not receiving a salary equivalent to the other HRG because "You come from an hourly background, you are used to hourly pay".

4.6     That Plaintiff felt that the comments by her immediate supervisor were condescending, dismissive, and alluded to Plaintiff's race.

4.7     That Plaintiff did inquire several times of Plaintiff's immediate supervisor regarding the discrepancy in salaries between Plaintiff and other HRGs.  At no time did Plaintiff receive any answer other than what has been previously stated herein. In addition, Plaintiff was routinely ignored, spoke to in condescending terms, and was made to wait on numerous occasions when Plaintiff inquired of her immediate supervisor about Plaintiff's unequal pay.

4.8     That after Plaintiff's inquiries in regard to unequal pay, Plaintiff was treated differently than other HRGs.  Plaintiff was moved from her cubicle in the Human Resources area, to a "greeter" position in the front of the Human Resources Department. Plaintiff's job title of HRG was removed and Plaintiff was given a job title of Human Resources Support. Plaintiff was no longer allowed to work overtime nor to work at home. Plaintiff was no longer allowed to attend meetings of the Human Resources Department. Plaintiff was given new job duties including filing, greeting people who entered the Human Resources office, and answering the telephone.

4.9     That after being treated in an unfair, discriminatory manner, Plaintiff's work environment became unbearable to Plaintiff, and Plaintiff submitted her resignation letter on November 6, 2019, to be effective November 22, 2019.

4.10    That on November 11, 2019, Plaintiff's direct supervisor telephoned Plaintiff and told

3

Plaintiff not to come back to work. Plaintiff was paid through November 22, 2019, though Plaintiff's last day of work was November 11, 2019.

4.11    That Plaintiff's immediate supervisor was Caucasian.

## V. Procedural History

5.1    That Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission on December 19, 2019.

5.2    That Plaintiff was issued her Right to Sue Letter on September 11, 2020, and this action is timely commenced within the ninety (90) days allowed by law from the date of the Right to Sue Letter.

## COUNT I: Equal Pay Act

### (Sex Discrimination)

6.1    That Plaintiff incorporates and realleges, in full, paragraphs 1 through 5.2 of this Original Complaint.

6.2    That all acts complained of by the agents, servants, employees, and management of Collision Works referenced herein were within the course and scope of the employment of the said agents, servants, and employees of Collision Works.

6.3    That all conditions precedent to the prosecution of this cause of action by Plaintiff have been satisfied.

6.4    That at all times material to this action, Collision Works has retaliated and/or interfered with, restrained, and discriminated against Plaintiff by paying Plaintiff at a lesser rate than the rate in which Collision Works paid wages to the employees of the opposite sex for equal work on jobs, the performance of which required equal skill, effort and responsibility, and were performed under identical working conditions pursuant to 29 U.S.C. §206(d).

4

6.5     That as a direct and approximate result of Defendant's violation of the Equal Pay Act, Plaintiff has been damaged by the loss of her employment with Defendant, and the loss of compensation, including salary/unpaid wages, unpaid overtime and lost wages.

6.6     That Plaintiff has suffered damages, as set forth above, in an amount in excess of $75,000.00, for which she is entitled to judgment against Defendant for unpaid wages, lost wages, unpaid overtime compensation, and liquidated damages.  In addition, Plaintiff should be awarded her costs, including a reasonable attorney fee.

## COUNT II: CIVIL RIGHTS ACT

### (Race and Sex Discrimination)

7.1     That Plaintiff incorporates and realleges, in full, paragraphs 1 through 6.6 of this Original Complaint.

7.2     That Defendant did discriminate against Plaintiff, who is a member of a protected class, by paying Plaintiff less and treating Plaintiff different than other similar employees of Defendant.  In particular, Plaintiff, who is an African-American woman, was paid less than Christopher Gray, a Caucasian male, despite the fact that Christopher Gray was hired months after Plaintiff was hired.  Furthermore, Christopher Gray worked as a salaried employee, while the Plaintiff was forced to work as an hourly employee.  In addition, Plaintiff was treated differently in several other aspects than Christopher Gray, Tiffany Clark, and other employees of Defendant, in both her job duties and pay scale.

7.3     That Plaintiff is entitled to an award of damages for compensatory damages in an amount in excess of $75,000.00, and punitive damages in an amount in excess of $75,000.00, pursuant to 42 U.S.C. §1981(a) and 2 U.S.C. §1311.

## COUNT III:  OKLAHOMA DISCRIMINATION AND EMPLOYMENT, 25 O.S. §1350

8.1    That Plaintiff incorporates and realleges, in full, paragraphs 1 through 7.3 of this Original Complaint.

8.2    That Defendant, as shown above, did discriminate against Plaintiff based on race and sex.

8.3    That Plaintiff requests that the Court enjoin the Defendant from engaging in such unlawful employment practice, as set forth above; that Plaintiff be reinstated to her previous position;  that Plaintiff be awarded back pay and liquidated damages; and that Plaintiff be awarded a reasonable attorney fee.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court grant the Plaintiff:

(i)     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint;

(ii)    An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in the Original Complaint;

(iii)   A judgment against Defendant awarding Plaintiff an amount equal to the lost wages had Plaintiff not been terminated by Collision Works in violation of the Equal Pay Act;

(iv)    An equivalent money judgment awarding Plaintiff liquidated damages as provided for in 29 U.S.C. §216;

(v)     A judgment against Defendant awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 pursuant to 42 U.S.C. §1981(a);

6

(vi)     A judgment against Defendant awarding Plaintiff punitive damages in an amount in excess of $75,000.00 pursuant to 42 U.S.C. §1981(a);

(vii)    A judgment against Defendant awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216.

(viii)   A judgment enjoining the Defendant from engaging in such unlawful employment practice, as set forth above.

(ix)     A judgment reinstating Plaintiff to her previous position.

(x)      A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee and expert witness fee.

(xi)     A judgment awarding Plaintiff such other and further legal and equitable relief as may be just and equitable, including pre-judgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of all her claims in this action.

Respectfully submitted,

/s/ Doug Carel
Doug Carel, OBA #16192
Attorney at Law
2200 Shadowlake Drive
Oklahoma City, OK  73159
Telephone (405) 692-8918
Facsimile  (405) 691-1950
dougcarellaw@gmail.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED.**